(Judge Dustin of the second circuit sitting in place of Judge Jelke.)

CINCINNATI TRACTION CO. v. NELLIE McKEE.

1. PLAINTIFF MAY RECOVER FOR WORRY, ANXIETY, ETC., RESULTING FROM INJURY CAUSED BY DEFENDANT'S NEGLIGENCE.

In a suit for personal injuries resulting from defendant's negligence, it is not erroneous to charge the jury that the plaintiff was entitled to recover damages for the resultant worry, anxiety and care concerning the consequences of such injuries.

2. ONE FAILING TO USE ORDINARY CARE IN LEAVING INCLINED RAILWAY TRUCK, GUILTY OF CONTRIBUTORY NEGLIGENCE.

In a suit for damages for personal injuries, where it appears that the only negligence of defendant, an inclined railway company, was in throwing its gates open before a passenger truck was safely attached to the stationary platform at the top of the incline, and also discloses no reason why plaintiff could not, by the exercise of ordinary care, have observed the condition of the truck as to whether it was stationary or still moving, which would have avoided all injury, this is such contributory negligence as will bar a recovery.

ERROR to Hamilton common pleas court.

**Kittredge & Wilby,** for plaintiff in error.
**D. D. Woodmansee,** for defendant in error.

**GIFFEN, J.**

The defendant in error, as plaintiff in the court of common pleas, recovered a verdict against the plaintiff in error, as defendant, for personal injury sustained while a passenger on the inclined railway of

Traction Co v. McKee.

the defendant leading to Mount Adams. The negligence charged in the petition is as follows:

"Plaintiff states that said truck was carried to the top of said incline, but before the same was safely attached to the stationary platform at the top of said incline, the gates were thrown open by defendant's agents and employes, thereby inviting this plaintiff and other passengers to make their exit from said truck to the stationary platform, and out to Celestial street. Plaintiff states that as she, with others, was passing from said truck to said platform, the toe of her shoe was pressed between the truck and the platform by a sudden jerk made upon the truck, and by reason thereof her toes and foot were seriously mashed and disfigured, and permanently injured."

It is claimed by counsel for plaintiff in error that counsel for defendant in error, during the progress of the trial, at page 99 of the bill of exceptions, disclaims any negligence on the part of the traction company in suddenly jerking the truck, and that the only remaining allegation, that the gates were thrown open before the truck was safely attached, does not constitute actionable negligence.

The statement referred to, at page 99, is a part of the question addressed to the witness, and we do not understand that counsel thereby intended to disclaim all negligence on the part of the traction company in moving the truck after the gates were thrown open, whether done suddenly, unusually, or otherwise. But the court in its charge to the jury did withdraw all claims of negligence other than that pertaining to the opening of the gates at the time and in the manner described in the petition. We must assume, therefore, that the jury found that the traction company was negligent only in that particular.

That the allegation charges negligence, we entertain no doubt, but whether it contributed directly to the injury depends upon the other facts attending the primary act complained of. There was testimony tending to show that the truck had not quite reached the platform when the gates were thrown open; that plaintiff, while passing out, got her foot between the truck and the platform while the truck was moving. This appears to be the theory upon which the verdict of the jury is founded. Assuming all this to be true, and granting that the defendant was negligent, the evidence discloses no reason why the plaintiff, by the exercise of ordinary care, could not have observed the condition of the truck, thereby avoiding all injuries. She herself testifies that, in passing out, she at no time looked down or observed where she was stepping, but assumed, because the gates were open, that the passage way was entirely free from danger. This, of itself, is contributory

Hamilton County.

negligence, which would not permit of recovery. *Schaefler* v. *Sandusky*, 33 Ohio St. 246 [31 Am. Rep. 533]; *Pennsylvania Co.* v. *Rathgeb*, 32 Ohio St. 66.

If, on the other hand, the truck, as averred in the petition, had reached the top of the incline, and by reason of its not being safely attached to the stationary platform, began to descend while the plaintiff was leaving, and then was pulled up again suddenly or otherwise, the question of contributory negligence should be left to the jury.

The jury, however, were not permitted, from the instruction of the court, to consider this theory of the case, and we must assume that they found the only negligence of the defendant to consist in throwing the gates open at the time and in the manner described in the petition, and that the plaintiff in no wise contributed to her injury, which, as we have shown, is clearly against the weight of the evidence.

The charge of the court that the plaintiff was entitled to recover compensation for resulting worry, anxiety and care, about the consequences of the injury, is sustained by the case of *Smith* v. *Railway*, 23 Ohio St. 10.

We find no other error, and the judgment will be reversed upon the ground that it is clearly against the weight of the evidence, and cause remanded for a new trial.

**Dustin, J.,** concurs.

**Swing, J.,** dissents from the holding that the plaintiff was guilty of contributory negligence in not observing where she was stepping.